UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ALAN ROGINSKY, | Case No.  2:19-cv-01381-KJD-DJA |
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF PUBLIC SAFETY, et al., | |
| Defendants. | |

## I.    DISCUSSION

On March 3, 2021, the Court issued a screening order dismissing Plaintiff's malicious prosecution claim, Fifth Amendment claim, Eighth Amendment claim, Fourteenth Amendment claim, defamation claim, claims under the Americans with Disabilities Act and the Rehabilitation Act, and claims arising out of Plaintiff's 2017 arrest without prejudice and with leave to amend.  (ECF No. 5 at 11.)  The Court permitted Plaintiff's Fourth Amendment false arrest claim arising out of his 2014 arrest to proceed only against Defendants Zana, Triplett, and John Doe 2, John Doe 3, John Doe 4, and John Doe 5, when Plaintiff learns their identities.  (*Id.* at 11.)  The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of the claims that were dismissed without prejudice.  (*Id.* at 12.)  The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed only on Plaintiff's false arrest claim against Defendants Zana, Triplett, and John Doe 2, John Doe 3, John Doe 4, and John Doe 5.  (*Id.*)  Plaintiff has not filed an amended complaint.  Pursuant to the screening order, this action will proceed only on Plaintiff's false arrest claim against Defendants Zana, Triplett, and John Doe 2, John Doe 3, John Doe 4, and John Doe 5.

## II.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 5), this action will proceed only on Plaintiff's false arrest claim against

Defendants Zana, Triplett, and John Doe 2, John Doe 3, John Doe 4, and John Doe 5, when Plaintiff learns their identities.

IT IS FURTHER ORDERED that the Clerk of Court **WILL ISSUE** summonses for Defendants Zana and Triplett, **AND DELIVER THE SAME**, to the U.S. Marshal for service. The Clerk **WILL SEND** to Plaintiff **two (2)** USM-285 forms. The Clerk also **WILL SEND** sufficient copies of the complaint (ECF No. 6) and this order to the U.S. Marshal for service on Defendant(s). Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that henceforth, Plaintiff will serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff will include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED this 6th day of May 2021.

_____
UNITED STATES MAGISTRATE JUDGE