UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT ALAN ROGINSKY,<br><br>                              Plaintiff,<br><br>          v.<br><br>NEVADA DEPARTMENT OF PUBLIC SAFETY, *et al.*,<br><br>                              Defendants. | Case No. 2:19-CV-01381-KJD-DJA<br><br>ORDER |

Plaintiff, Robert Alan Roginsky ("Roginsky"), appearing pro se, brings a Fourth Amendment false arrest claim against Mallory Triplett, Brian Zana, and Does 2-5 ("Defendants") for Plaintiff's arrest on October 31, 2014. (ECF # 1-1). On August 9, 2019, Plaintiff filed an application to proceed in forma pauperis which the Court eventually granted on May 10, 2021. (ECF #1/4/9). Plaintiff failed to file an amended complaint and the Court dismissed all of Plaintiff's claims except for his Fourth Amendment false arrest claim against Defendants. (ECF #7).

On May 6, 2021, the Court ordered Plaintiff to send the U.S. Marshal's office the required USM-285 forms with relevant information as to each Defendant on each form within 30 days. Id. at 2. Plaintiff then had 20 days after receiving copies of the USM-285 forms back from the U.S. Marshal to inform the Court which Defendants were served and which were not. Id. On May 25, 2022, over one year later, the Court sent Plaintiff a notice regarding intention to dismiss pursuant to Fed. R. Civ. P. 4(m) because the Court received no proof of service as to Defendants Zana and Triplett. (ECF #15). Plaintiff then filed a motion for time extension, stating that he mailed the USM-285 forms and asking for more time under Fed. R. Civ. P. 4(i)(4) to contact the U.S. Marshal's office to see if anything has been done concerning these forms. (ECF #17 at 1).

Out of an abundance of caution for Plaintiff's rights, on July 20, 2022, the Court granted Plaintiff an extension of time, giving him an additional thirty (30) days to effectuate service of the summons and complaint.

However, rather than effectuate service of the summons and complaint, Plaintiff merely sought a copy of the documents that he alleges that he previously sent to the U.S. Marshal's office. Almost a year and a half after the Clerk of the Court initially issued summons in this action, Plaintiff has still failed to effectuate service. Further, he has not adequately pursued his claims. He initially had ninety (90) days to effect service or seek an extension of time to do so. Only after the Court warned Plaintiff, two hundred and seventy (270) days after the Rule 4(m) deadline had expired, that his complaint would be dismissed for failure to serve did Plaintiff seek an extension of time -- which he did not use to accomplish service.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint against the remaining Defendants is **DISMISSED without prejudice** for failure to serve the summons and complaint within the allotted time.

DATED this 3rd day of October 2022.

_____
Kent J. Dawson
United States District Judge